**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTOINETTE HARRISON, | Hon. Mitchell S. Goldberg, U.S.D.J. |
| Plaintiff, | |
| -against- | Civ. Action No. 2:22-cv-01994-MSG |
| URBAN AFFAIRS COALITION GPUAC, individually and d/b/a "PHILADELPHIA ANTI-DRUG/ANTI-VIOLENCE NETWORK" and JOHN PHILLIPS, individually | |
| Defendants. | |

## JOINT REPORT OF RULE 26(f) MEETING AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff and counsel for Defendants, Urban Affairs Coalition ("UAC"), Philadelphia Anti-Drug/Anti-Violence Network ("PAAN"), and John Phillips ("Phillips") (collectively referred to as "Defendants") conferred on September 26, 2022, and submit to Chambers the following report of their meeting for the Court's consideration at the initial pretrial conference on September 30, 2022:

1. **Discussion of Specific Claims, Defenses and Relevant Issues**

   a. **Plaintiff's Position**

   On or about November 5, 2019, Plaintiff started working for Defendant PAAN as a "CCIP Advocate." Plaintiff alleges that she was sexually harassed by her supervisor, Defendant Phillips, throughout her employment with Defendant PAAN. For example, Defendant Phillips made explicit sexual comments about Plaintiff's female coworkers' breasts, and openly complained that he would terminate them if they did not want to engage in sexual intercourse with him. Defendant Phillips then started to sexually harass Plaintiff behind closed doors, and away from her coworkers,

1

by propositioning her for sex, trying to kiss her and touch her breasts. Plaintiff complained verbally to other coworkers about Defendant Phillips' harassment and two other female coworkers admitted that they had also been sexually harassed by Defendant Phillips. In retaliation for Plaintiff's refusal to reciprocate his advances, Defendant Phillips began to retaliate against her by creating a pretextual paper trail of purported performance issues. After two employees escalated complaints on Plaintiff's behalf, Plaintiff herself complained verbally to "Director of Programs and Community Outreach," Keith Scott, about Defendant Phillips' sexual harassment and retaliatory actions. Although Mr. Scott agreed to escalate Plaintiff's complaints to Defendants' Executive Director, George Mosee, the harassment and retaliation continued. On May 6, 2020, based on Defendant Phillips' retaliatory and pretextual corrective action, Mr. Mosee terminated Plaintiff's employment.

### b. Defendants' Position

Defendants deny having engaged in any unlawful conduct with regards to Plaintiff. She was employed for less than six months. Her employment was terminated only after she received three disciplinary write-ups in three weeks in April 2020, for: (a) being confrontational with her supervisor (Defendant Phillips) when asked about a work-related issue; (b) threatening a coworker with physical violence and attempting to goad her to fight, while insulting and hurling expletives at her; and (c) directly ignoring her supervisor's clear direction, which she admitted doing.

Defendants also deny that Plaintiff was subjected to any harassing behavior by Phillips or any other person. Plaintiff never complained to anyone at UAC – including anyone in UAC's human resources department, which was comprised entirely of African-American females – at any time during her employment. Nor did she engage in any other protected activity that would support an actionable retaliation claim.

  c.  **Scope of Discovery**

    1.  Plaintiff's claims.

    2.  Plaintiff's claimed damages, including her efforts to mitigate same.

    3.  Plaintiff's medical and mental health condition in connection with her compensatory damages claims.

    4.  Defendant's defenses to Plaintiff's claims.

    5.  Such other matters that may arise in the course of this litigation.

**2.**  **Initial and Informal Disclosures**

  The parties agree to exchange initial disclosures pursuant to Rule 26(a) by October 3, 2022.

**3.**  **Formal Discovery**

  The parties intend to exchange written discovery, including interrogatories, requests for production of documents.  Defendants intend to serve their first set of interrogatories and requests for production of documents upon Plaintiff by September 30, 2022.  Plaintiff intends to serve her first set of written discovery requests no later than September 30, 2022.

  The parties do not anticipate the need for phased discovery and are amenable to a discovery period that expires on **January 27, 2023** – 120 days after the date of the Rule 16 conference on September 30, 2022.  The parties agree that no party shall be permitted to serve more than 25 interrogatories, including subparts, and that no party shall be permitted to take more than 10 depositions of fact witnesses, absent a showing of good cause.

**4.**  **Electronic Discovery**

  The parties agree to produce copies of any and all relevant electronically stored documents in paper format and/or electronically.

**5.    Expert Witness Disclosures**

The parties do not anticipate the need for expert witnesses or testimony at this time.  To the extent expert discovery becomes necessary, the parties request that: (a) affirmative expert reports be served by no later than **December 28, 2022**; and (b) rebuttal expert reports be served by **January 27, 2023**; and expert depositions to be completed by **February 27, 2023**.

**6.    Early Settlement or Resolution**

Plaintiff made an initial demand to which Defendants have not yet responded.

The parties may be amenable to attending a settlement conference with a Magistrate Judge in an attempt to reach an amicable resolution before both parties are forced to expend substantial fees.

**7.    Trial**

The parties request a trial date that is no sooner than 60 days after a decision on any dispositive motion.

**8.    Other Matters**

Defendants intend to move for summary judgment and request that the deadline for making such motion be no sooner than 30 days after the close of fact discovery.

*       *       *

ARCÉ LAW GROUP                     JACKSON LEWIS P.C.
Attorneys for Plaintiff                   Attorneys for Defendants

By: */s/ Bryan S. Arce, Esq.*         By:    */s/ Michael D. Ridenour*
    Bryan S. Arce, Esq.                     Stephanie J. Peet, Esq.
    Silvia C. Stanciu, Esq.                 Michael D. Ridenour, Esq.


Dated:  September 27, 2022            Dated:  September 27, 2022